1  Lily Lim (State Bar No. 214536)
   lily.lim@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
    GARRET & DUNNER, LLP
3  3300 Hillview Ave
   Palo Alto, California 94304
4  Telephone:  (650) 849-6600
   Facsimile:  (650) 849-6666
5
   P. Andrew Riley (*pro hac vice* pending)
6  andrew.riley@finnegan.com
   Stephen L. Hennessy (*pro hac vice* pending)
7  steve.hennessy@finnegan.com
   FINNEGAN, HENDERSON, FARABOW,
8   GARRET & DUNNER, LLP
   901 New York Ave, NW
9  Washington, DC 20001
   Telephone:  (202) 408-4000
10 Facsimile:  (202) 408-4266
11 Attorneys for Non-Party
   Unified Patents Inc.
12
13
14              UNITED STATES DISTRICT COURT
15           NORTHERN DISTRICT OF CALIFORNIA
16
17 HALL DATA SYNC TECHNOLOGIES LLC,          CASE NO. 2:15-cv-0006-JRG
                                             Pending in the Eastern District of Texas
18              Plaintiff,
                                             **UNIFIED PATENTS INC.'S NOTICE
19      v.                                   OF MOTION AND MOTION TO
                                             QUASH SUBPOENA ISSUED BY
   APPLE INC., et al.                        HALL DATA SYNC TECHNOLOGIES
20                                           LLC MEMORANDUM OF POINTS
                Defendants.                  AND AUTHORITIES IN SUPPORT OF
21                                           MOTION**
22
23
24
25
26
27
28

1    PLEASE TAKE NOTICE that, on July 22, 2015, at 8:00 a.m. or as soon thereafter as counsel

2    may be heard, non-party Unified Patents, Inc. will and does hereby move the Court, pursuant to

3    Federal Rule of Civil Procedure 45(d)(3), to hear the motion presented below.

4    Unified Patents respectfully requests that this Court quash the document subpoena served on

5    non-party Unified Patents on June 1, 2015, by Plaintiff Hall Data Sync Technologies, LLC, a non-

6    practicing entity ("NPE"), relating to the cases the NPE filed in January 2015 against Defendants

7    Apple Inc., Box, Inc., Dropbox, Inc., Google Inc., Microsoft Corp., Sugarsync, Inc. (collectively,

8    "the Defendants"), currently consolidated in the Eastern District of Texas for patent infringement.

9    The underlying case pertaining to the subpoena to Unified, *Hall Data Sync Technologies, LLC v.*

10   *Apple*, (CASE NO. 2:15-cv-0006-JRG), was ordered on June 9, 2015, by Judge Gilstrap to be

11   transferred to the Northern District of California.  The case does not yet appear on this Court's

12   docket.

13   This motion to quash is brought on the grounds that Hall's subpoena subjects Unified to

14   undue burden.

15   This motion is based on the Notice of Motion, the accompanying Memorandum of Points and

16   Authorities, the Declarations of Kevin Jakel and Lily Lim and attached exhibits, and upon such other

17   matters as may be properly presented to the Court.

18

19

20

21

22

23

24

25

26

27

28

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1

**Table of Contents**

2
**Page**

3    I.      PRELIMINARY STATEMENT ................................................................................. 1

4    II.     STATEMENT OF FACTS .................................................................................... 3

5            A.    The Hall Patent Litigation ................................................................... 3

6            B.    Unified Patents ................................................................................... 3

7            C.    Subpoena Requests ............................................................................ 4

8    III.    HALL'S SUBPOENAS SHOULD BE QUASHED ......................................... 5

9            A.    Hall's Subpoena Should Be Quashed for Seeking Information Available from
10                 the Defendants and for Seeking Privileged and Confidential Information ............. 5

11                 1.    Hall's Subpoena Demands Production of Information that is Publicly
                         Available or Available From the Defendants ............................................ 6

12                 2.    Hall's Subpoena Demands Production of Unified's Privileged
13                       Information ................................................................................... 7

14                 3.    Hall's Subpoena Demands Production of Unified's Confidential
                         Information ................................................................................... 7

15                 4.    Hall's Subpoena Demands Production of Information that was Already
16                       Provided in the IPR ............................................................................ 8

17            B.    Hall's Subpoena is Not Relevant to the Claims or Defenses of Any Party and
                    are Unduly Burdensome on Third-Party Unified .................................................. 8

18   IV.    CONCLUSION ............................................................................................. 10

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beinin v. Ctr. for the Study of Popular Culture,*
  No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518 ......................................................... 5, 8

*Broadband iTV, Inc. v. Hawaiian Telecom, et al.,*
  5:15-mc-80053-HRL, Doc. 27, Filed (N.D. Cal. Apr. 17, 2015) (attached as
  Exhibit 3 to Lim Decl.) ................................................................................. 1, 6, 9

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.,*
  649 F.2d 646 (9th Cir. 1980) ................................................................................. 5

*Highfields Capital Mgmt., L.P. v. Doe,*
  No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680 (May 31, 2005 N.D. Cal.) ................................... 8

*McErlain v. Park Plaza Towers Owners Ass'n,*
  No. 13-cv-03232, 2013 U.S. Dist. LEXIS 179176 (N.D. Cal. Dec. 19, 2013) .......................... 5, 6

*Moon v. SCP Pool Corp.,*
  232 F.R.D. 633 (C.D. Cal. 2005) ................................................................................. 8

*N.A.A.C.P. v. Alabama,*
  357 U.S. 449 (1958) ................................................................................. 7

*Nidec Corp. v. Victor Co.,*
  249 F.R.D. 575 (N.D. Cal. 2007) ................................................................................. 6

*Perry v. Schwarzenegger,*
  591 F.3d 1147 (9th Cir. 2010) ................................................................................. 7

*VirnetX, Inc. v. Apple Inc.,*
  No. 14-mc-80013, 2014 U.S. Dist. LEXIS 130933 (N.D. Cal. Mar. 21, 2104) ......................... 6, 9

**Federal Statutes**

35 U.S.C. § 311 ................................................................................. 3

35 U.S.C. § 315(b) ................................................................................. 3

35 U.S.C. § 315(e)(2) ................................................................................. 2, 4

35 U.S.C. § 318 ................................................................................. 4

**State Statutes**

California Evidence Code § 954 ................................................................................. 7

**Rules**

Fed. R. Civ. P. 26(b) ........................................................................................................ 2

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 8

Fed. R. Civ. P. 26(b)(2)(C)(i) ...................................................................................... 6, 8

Fed. R. Civ. P. 45(c) ................................................................................................... 2, 8

Fed. R. Civ. P. 45(c)(1) .................................................................................................... 8

Fed. R. Civ. P. 45(d)(3) .................................................................................................... 1

Fed. R. Civ. P. 45(d)(3)(A)(iii) .................................................................................... 5, 7

Fed. R. Civ. P. 45(d)(3)(A)(iv) ........................................................................................ 8

Fed. R. Civ. P. 45(d)(3)(B)(i) .......................................................................................... 5

**Regulations**

37 C.F.R. § 42.8 ............................................................................................................... 3

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   PRELIMINARY STATEMENT

Under Fed. R. Civ. P. 45(d)(3), non-party Unified Patents Inc. ("Unified") seeks to quash a third-party subpoena issued by Hall Data Sync Technologies LLC, a non-practicing entity ("NPE") from Plano, Texas.  In January 2015, Hall Data Sync Technologies sued Apple Inc., Box, Inc., Dropbox, Inc., Google Inc., Microsoft Corp., Sugarsync, Inc. (collectively, "the Defendants") in the Eastern District of Texas for infringement of U.S. Patent No. 6,539,401 ("the '401 Patent") and U.S. Patent No. 7,685,506 ("the '506 Patent").  Unified is not a party to that patent litigation, has no relationship whatsoever to the patent litigation, and has no information that is relevant to Hall's claims in the litigation.  While Hall's counsel represented that it recently issued discovery requests to the Defendants in the litigation, rather than wait for Defendants responses according to the case schedule, Hall issued a subpoena to non-party Unified requesting discovery regarding the same documents and information it conceded it expects to receive from the Defendants. Lim Decl., ¶ 2. Hall's subpoena to non-party Unified is completely duplicative of discovery on Defendants, and thus is unduly burdensome and should be quashed. It should also be quashed because it seeks non-party Unified's attorney-client privileged information and also seeks Unified's sensitive and confidential membership list that has no relevance to any of Hall's claims.  This Court's precedent provides ample guidance for quashing Hall's third-party subpoena to Unified.  Hall's third-party subpoena to Unified is similar to the third-party subpoena that another NPE issued to Unified that this Court quashed. *Broadband iTV, Inc., v. Hawaiian Telecom; et al.*, No. 15-mc-80053 HRL (N.D. Cal., April 17, 2015) (Doc. 27, Order Granting Motion to Quash Subpoenas Issued [to Unified] by Broadband iTV, Inc.).

Unified has no relationship to Hall's patent litigation.  Unified is a first-of-its-kind company whose sole purpose is to deter NPE litigation by protecting technology sectors founded by intellectual property professionals concerned with the increasing risk of non-practicing entities (NPEs) asserting poor quality patents against strategic technologies and industries. *See* Jakel Decl. ¶ 3. Separately and independent from any party to the Hall litigation, Unified is seeking to challenge in a separate proceeding at the U.S. Patent and Trademark Office ("USPTO") the validity of the '506

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1  Patent, one of the two patents involved the Hall litigation.  On March 11, 2015, Unified filed a

2  petition for an *inter partes* review (IPR) at the USPTO's Patent Trial and Appeal Board ("PTAB")

3  challenging the '506 Patent. Lim Decl., Ex. 4.  This IPR proceeding is separate from the patent

4  litigation and is under the jurisdiction of the USPTO, not the district courts.  An IPR would not

5  impact a district court litigation concerning the same patent unless and until a final written decision

6  is issued by the USPTO, at which point all real-parties-in-interest to the IPR would be bound by the

7  estoppel provisions of 35 U.S.C. § 315(e)(2).  The USPTO has not decided yet whether to institute

8  Unified's IPR.  In the IPR proceeding, Unified already provided voluntary discovery to Hall so that

9  Hall could verify that Unified is the sole party behind the IPR (i.e., the "real party in interest").  Lim

10 Decl., Ex. 3 (Unified's voluntary interrogatory responses in the IPR).  For example, in response to

11 the interrogatory to "Identify any communications between Unified and any entity other than its

12 counsel relating to the financing, preparation, editing, prior review, or approval of the [IPR]

13 Petition," Unified responded "Unified states that no such communication exists." *Id.* As part of

14 Hall's subpoena to Unified, Hall requests this very same information that has already been provided.

15      Hall's subpoena to Unified is unduly burdensome and overbroad, and should be quashed for

16 the following reasons. First, it improperly seeks information irrelevant to the Hall patent litigation.

17 The IPR proceeding bares no relationship to Hall's claims against Defendants for patent

18 infringement, nor would it provide Defendants' positions on the invalidity of the patents at issue

19 because only Unified and Hall, not Defendants, are involved in the IPR proceeding.    Second, it

20 improperly seeks information duplicative of what Hall seeks directly from the actual Defendants in

21 the patent litigation, and therefore places an undue and unnecessary burden and expense on non-

22 party Unified to duplicate discovery that is already underway by the actual parties to the patent

23 litigation. Third, it improperly seeks information cumulative of what Unified already produced to

24 Hall in the IPR proceeding, namely that Unified is the real-party-in-interest in the IPR proceeding.

25 To put this matter to rest, Unified has attached the declaration of its CEO, Kevin Jakel, to again

26 confirm that only Unified, not any of the Defendants, conducted the analysis and made the decision

27 to file an IPR.  Fourth, Hall's subpoena improperly seeks Unified's attorney-client privileged

28

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

information. Unified should not be burdened with this subpoena, and the Court should quash Hall's subpoena in its entirety pursuant to Fed. R. Civ. P. 45(d) and 26(b).

## II.     STATEMENT OF FACTS

### A.     The Hall Patent Litigation

Hall filed five suits on January 5, 2015, and another on January 15, 2015, in the Eastern District of Texas alleging that the Defendants infringed the '401 Patent and '506 Patent. On March 12 (Google, Dropbox), March 13 (Apple), March 16 (Microsoft), and March 21 (Box), 2015, the Defendants filed their answers to Hall's complaints. Unified was not accused of infringement in any of Hall's complaints and is not a party to the litigation.

### B.     Unified Patents

Intellectual property professionals concerned with the increasing risk of non-practicing entities (NPEs) asserting poor quality patents against strategic technologies and industries founded Unified. *See* Jakel Decl. ¶ 3. The founders created a first-of-its-kind company whose sole purpose is to deter NPE litigation by protecting technology sectors, like cloud storage, the technology at issue in the '506 Patent. Companies in a technology sector subscribe to Unified's technology specific deterrence, and in turn, Unified performs many NPE-deterrent activities, such as analyzing the technology sector and monitoring patent activity (including patent ownership and sales, NPE demand letters and litigation, and industry companies). Unified's monitoring activities includes identifying patents, performing prior art research, analyzing the invalidity of patents, and sometimes filing reexams or IPRs against certain patents.

On March 11, 2015, Unified filed an IPR petition with the PTAB challenging the validity of certain claims of the '506 Patent. Lim Decl., Ex. 4, IPR2015-00874, Paper 1 (Mar. 11, 2015) ("Hall IPR"). An IPR is a statutorily-authorized proceeding where a party requests that the PTAB cancel one of more claims of an issued patent. 35 U.S.C. § 311. When filing an IPR, the petitioner must identify each real party in interest. 37 C.F.R. § 42.8. This is because "[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b). Additionally, when an IPR results in *a*

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1   *final written decision*, the petitioner, real party in interest, or privy of the petitioner may not assert in

2   a civil action or proceeding before the International Trade Commission that any of the claims of the

3   patent are invalid "on any ground that the petitioner raised or reasonably could have raised during

4   that inter partes review." 35 U.S.C. § 315(e)(2). The PTAB issues final written decisions

5   addressing the patentability of any patent claim challenged in an IPR that is both instituted and not

6   dismissed. 35 U.S.C. § 318.

7          In support of its IPR petition, Unified certified that it had not been served with a complaint

8   alleging infringement of any patent. Lim Decl., Exhibit 4, Hall IPR, Paper No. 1, at 1. Unified also

9   certified that it was the sole real party in interest for the IPR proceeding. *Id.* Unified provided

10   voluntary discovery in the IPR so that Hall could confirm Unified's claim of being the sole real party

11   in interest. *See* Lim Decl., Exhibit 3, Hall IPR, Exhibit 1005 (Unified voluntary interrogatory

12   responses). This discovery is at the heart of what Hall has requested in this third-party subpoena.

13   Moreover, Unified does not have any knowledge of the prior art or invalidity arguments the

14   Defendants are asserting in the Hall litigation. Jakel Decl. ¶ 7.

15          **C.    Subpoena Requests**

16          Hall served a subpoena on June 1, 2015, on Unified seeking 14 categories of documents. *See*

17   Lim Decl. ¶¶ 3, 4, Exhibit 1. The categories of documents can be summarized as falling into four

18   general groups:

19          1)     Unified's information regarding its analysis of the '506 Patent that is the subject of

20                 the IPR. Any such information outside of what was filed at the USPTO and already

21                 received by Hall is covered by Unified's attorney-client privilege,

22          2)     Unified's information regarding its analysis, if any, of the '401 Patent that is not the

23                 subject of an IPR, which if there is any would be covered by Unified's attorney-client

24                 privilege,

25          3)     Unified's confidential membership list and communications with members, matters

26                 that are irrelevant to the Hall litigation and that Hall is directly seeking from the

27                 Defendants, and

28

4

1    4)    Financial contributions by Unified's members, matters that are irrelevant to the Hall

2          litigation and that Hall is directly seeking from the Defendants.

3          The information Hall seeks is extremely broad, burdensome and intrusive, because either it is

4    more readily available from the Defendants, is not relevant to the patent litigation, or covers

5    Unified's sensitive and confidential information and documents or information protected by

6    Unified's attorney-client privilege.

7          Concurrent with the filing of this motion, Unified served Hall with responses and objections

8    to the subpoenas.[1] Unified objected to the subpoena on multiple applicable grounds, including *inter*

9    *alia* that the requests: (1) sought information protected by the attorney-client privilege; (2) sought

10   Unified's highly confidential business information; (3) sought irrelevant information; (4) sought

11   information that was available from the Defendants in the patent litigation; and (5) sought

12   information duplicative to that which Unified had already produced in the Hall IPR.

13   **III.   HALL'S SUBPOENAS SHOULD BE QUASHED**

14       **A.   Hall's Subpoena Should Be Quashed for Seeking Information Available
             from the Defendants and for Seeking Privileged and Confidential**

15           **Information**

16         Several independent reasons support quashing this subpoena.  Non-parties are entitled to

17   greater protections from overly broad discovery requests in order to prevent "harassment,

18   inconvenience, or disclosure of confidential documents." *Beinin v. Ctr. for the Study of Popular*

19   *Culture*, No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518 at *5-6; *see also Dart Indus. Co., Inc. v.*

20   *Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).  A court must also limit discovery if it

21   is duplicative or could be obtained from a more convenient or less burdensome source. *McErlain v.*

22   *Park Plaza Towers Owners Ass'n*, No. 13-cv-03232, 2013 U.S. Dist. LEXIS 179176 at *6-7 (N.D.

23   Cal. Dec. 19, 2013).  In addition, a court must quash a subpoena that "requires disclosure of

24   privileged or other protected matter."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  The court may also quash a

25

26   _____

27        [1] In compliance with the Local Rules of this Court, counsel for Unified met and conferred
     with Hall's counsel prior to service of the responses and objections to the subpoena and the filing of
28   this action.  *See* Lim Decl. ¶ 2.

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1  subpoena that requires a party to disclose "a trade secret or other confidential research, development,

2  or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). All of these grounds apply here.

3         Following that precedent, this Court recently quashed a similar third-party subpoena served

4  on Unified by another NPE. *See Broadband iTV, Inc. v. Hawaiian Telecom, et al.*, 5:15-mc-80053-

5  HRL, Doc. 27, Filed (N.D. Cal. Apr. 17, 2015) (attached as Exhibit 2 to Lim Decl.). In *Broadband*

6  *iTV*, this Court quashed a subpoena where a patent litigation plaintiff sought discovery against a

7  third-party IPR petitioner (Unified) claiming the requested discovery was relevant to infringement

8  and related issues. This Court stated that the information sought in the subpoena fell into two

9  categories: "information and communication regarding Unified's IPR Petition to the PTAB and (2)

10 business relationships and communications between Unified and its members." *Id.* at 3-4. This

11 Court found that "[n]one of this information is related to the claims and defenses at issue in the

12 patent litigation." *Id.* This Court also found that "any information regarding Unified's . . .view of

13 the [patent involved in the IPR filed by Unified] patent's validity is irrelevant, as Unified . . . [is] not

14 [a party] to the patent litigation." *Id. See also VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013, 2014

15 U.S. Dist. LEXIS 130933 at *8-11 (N.D. Cal. Mar. 21, 2104) (quashing a third-party subpoena

16 seeking information about IPRs filed by RPX because the information sought was irrelevant to the

17 underlying case).

18                 **1.    Hall's Subpoena Demands Production of Information that is**
                          **Publicly Available or Available From the Defendants**
19

20         Hall's subpoena is unduly burdensome because much of the information sought is available

21 from the Defendants themselves. For example, Hall seeks discovery on Unified's relationship with

22 the Defendants. *See e.g.*, Lim Decl., Exhibit 1, Requests 1-3. To the extent this information exists

23 and is even relevant, this information can be easily obtained from the Defendants who are parties to

24 the litigation rather than burdening non-party Unified. *See Nidec Corp. v. Victor Co.*, 249 F.R.D.

25 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents

26 sought are in the possession of the party defendant."). Because it would be much more "convenient"

27 and "less burdensome" for Hall to seek this information from sources other than Unified—namely,

28 the defendants to its ligation—Hall's subpoena should be quashed. Fed. R. Civ. P. 26(b)(2)(C)(i). To

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1   the extent Hall seeks to unfairly burden Unified as retaliation for filing the Hall IPR, Hall's request

2   is improper and should be quashed. *See* Lim Decl. ¶ 2.

### 2.   Hall's Subpoena Demands Production of Unified's Privileged Information

Hall's subpoena impermissibly demands that Unified produce broad categories of privileged

information and should be quashed. Fed. R. Civ. P. 45(d)(3)(A)(iii). In essence, Hall seeks

Unified's privileged strategy. For example, Request No. 2 broadly seeks "Documents and things

concerning or relating the '506 Patent." Request No. 1 broadly seeks "Documents and things

concerning or relating to the '401 Patent." Similarly, Request No. 14 seeks "[a]ll documents that

relate to any prior art provided by any third party to Unified regarding, relating to or concerning the

'401 Patent, or the '506 Patent." Hall cannot dispute that it already has all the prior art and

invalidity positions filed at the USPTO by Unified concerning the '506 patent. Any other documents

that would fall under these requests are covered by Unified's attorney-client privileged information.

California law protects attorney-client communications from disclosure. *See* California Evidence

Code § 954 ("[T]he client, whether or not a party, has a privilege to refuse to disclose, and to prevent

another from disclosing, a confidential communication between client and lawyer."). Simply put,

Unified does not have any non-privileged information that falls under these topics that Hall does not

already have. Thus, Hall's subpoena should be quashed.

### 3.   Hall's Subpoena Demands Production of Unified's Confidential Information

Hall's subpoena impermissibly seeks some of Unified's most closely guarded information,

like Unified's membership list and its discussions with its members. Requests No. 3-8 seek

information regarding any Defendant's relationship with Unified. Lim Decl., Exhibit 1. Unified's

relationship with its members, and the terms of its agreements with its members is highly

confidential information that Unified goes to great lengths to protect. Such requests are improper

and protected from disclosure. *See N.A.A.C.P. v. Alabama,* 357 U.S. 449, 462 (1958) (Stating that

"[T]his Court has recognized the vital relationship between freedom to associate and privacy in

one's associations" and holding that disclosure of the NAACP's membership list would be "a

substantial restraint upon . . . [the] right to freedom of association."); *Perry v. Schwarzenegger,* 591

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1    F.3d 1147, 1164-65 (9th Cir. 2010) (holding that "private, internal campaign regarding formulation

2    of strategy" are protected from discovery in civil litigation).  Again, Hall's subpoena is overly broad

3    and improperly demands that Unified produce confidential information.

4           **4.    Hall's Subpoena Demands Production of Information that was**
                    **Already Provided in the IPR**
5
            As discussed above , Unified already provided Hall with voluntary discovery in the IPR to
6
     verify that Unified is the real-party-in-interest in the IPR.  In its subpoena, however, Hall demands
7
     that Unified produce information duplicative to that which it has already obtained.  *See e.g.* Lim
8
     Decl. , Ex. 3, (Unified voluntary interrogatory responses in the IPR); Fed. R. Civ. P. 26(b)(2)(C)(i).
9
     Thus, Hall's duplicative requests show that it has not taken "reasonable steps to avoid imposing
10
     undue burden or expense" on Unified.  Fed. R. Civ. P. 45(c)(1); *see also Highfields Capital Mgmt.,*
11
     *L.P. v. Doe*, No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680 at *4-5 (May  31, 2005 N.D. Cal.)
12
     (holding that "[t]he authorities make it clear that a finding that [a] party... secured a subpoena in bad
13
     faith, or for an improper purpose (e.g. merely to harass or annoy . . . the target of the subpoena . . .
14
     would be a sufficient basis for concluding that a party had breached its duty under Rule 45(c).").  For
15
     this reason, Hall's subpoena should be quashed.
16
            **B.    Hall's Subpoena is Not Relevant to the Claims or Defenses of Any Party**
17                 **and are Unduly Burdensome on Third-Party Unified**

18          Hall's subpoena seeks irrelevant documents and information and should be quashed.  *See*

19   Fed. R. Civ. P. 26(b)(1) (discovery is limited to matters "relevant to any party's claim or defense" or

20   "reasonably calculated to lead to the discovery of admissible evidence"); *see also Beinin v. Ctr. for*

21   *the Study of Popular Culture*, No. 06-cv-2298, 2007 U.S. Dist. LEXIS 22518 at *4-5 (N.D. Cal.

22   Mar. 16, 2007) (stating that the Fed. R. Civ. P. 26(b)(1) relevancy standard also applies to third-party

23   subpoenas).  Hall's subpoena should also be quashed because it imposes an unjustified burden on

24   third-party Unified.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Moon v. SCP Pool Corp.*, 232

25   F.R.D. 633, 637 (C.D. Cal. 2005) (stating that courts consider "such factors as relevance, the need of

26   the party for the documents, the breadth of the document request, the time period covered by it, the

27   particularity with which the documents are described and the burden imposed" when deciding

28   whether a subpoena is unduly burdensome. (citation omitted))

1    Hall did not accuse Unified of infringing Hall's patents and Unified is not a party to Hall's

2   patent litigation. Despite Unified having no connection to the patent litigation and no knowledge

3   relevant to it, Hall's subpoena demands that Unified provide documents regarding 14 broad

4   categories of information, including (1) information and communications regarding Unified's IPR

5   Petition to the PTAB; (2) business relationships and communications between Unified and its

6   members. None of this information is related to the claims and defenses at issue in the patent

7   litigation. Hall cannot dispute that its subpoena to Unified has no relationship at all to Hall's claims

8   in its complaint, namely that Defendants infringe the '506 and '401 Patents. Additionally, any

9   information regarding non-party Unified's view of the '506 Patent's invalidity is irrelevant to what

10   positions any party to the litigation may take regarding that patent's invalidity.

11    The discovery sought by Hall is irrelevant to its patent infringement action and Hall's

12   subpoena should be quashed. *See Broadband iTV, Inc. v. Hawaiian Telecom, et al.*, 5:15-mc-80053-

13   HRL, Doc. 27, Filed (N.D. Cal. Apr. 17, 2015) (attached as Exhibit 2 to Lim Decl.). In *Broadband*

14   *iTV*, this Court quashed a subpoena where a patent litigation plaintiff sought discovery against a

15   third-party IPR petitioner (Unified) claiming the requested discovery was relevant to infringement

16   and related issues. The categories of information sought in the *Broadband iTV* matter are almost

17   identical to what Hall seeks here: "[I]nformation and communication regarding Unified's IPR

18   Petition to the PTAB and (2) business relationships and communications between Unified and its

19   members." *Id*. at *3-4. The Court should similarly quash Hall's subpoena because "[n]one of this

20   information is related to the claims and defenses at issue in the patent litigation." *Id*. "[A] ny

21   information regarding [Unified's] . . .view of the [patent involved in the IPR filed by Unified]

22   patent's validity is irrelevant, as Unified . . . [is] not [a party] to the patent litigation." *Id*. *See also*

23   *VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013, 2014 U.S. Dist. LEXIS 130933 at *8-11 (N.D. Cal.

24   Mar. 21, 2104) (quashing a third-party subpoena seeking information about IPRs filed by RPX

25   because the information sought was irrelevant to the underlying case).

26    Hall may also attempt to argue here, like VirnetX did, that some of its requests are relevant to

27   whether the Defendants are estopped from challenging the '506 Patent's validity. That argument,

28   however, must fail. In *VirnetX*, the Court found the discovery irrelevant because it was premature

MOTION TO QUASH SUBPOENA
Case No. 2:15-cv-0006-JRG

1  until a final written decision issues.  Here, the PTAB has not instituted the IPR.  The IPR proceeding

2  may never result in a final written decision and estoppel may never attach.  Therefore, Hall's

3  requests are irrelevant now, and they are also premature.

4         Moreover, in addition to being irrelevant, the proposed document production will impose an

5  entirely unjustified burden on Unified, if not quashed.  Specifically, Unified would be forced to

6  expend dozens of hours, if not more, searching for, reviewing and logging attorney-client privileged

7  documents.  None of this imposition on a third party is justified under the circumstances here,

8  especially when this any non-privileged discovery will be duplicative of the discovery Hall has

9  already admitted it has and will receive from the Defendants.  The subpoena should be quashed for

10  these reasons as well.

11  **IV.    CONCLUSION**

12         This Court should quash Hall's subpoena to third-party Unified because it improperly seeks

13  information more readily available from the Defendants to Hall's litigation, seeks information

14  already produced to Hall, seeks information protected by the attorney-client privilege, and seeks

15  information irrelevant to Hall's litigation. For these reasons, non-party Unified respectfully request

16  that the Court quash in its entirety the subpoena served by Hall.

17  DATED:  June 16, 2015                     Respectfully submitted,

18                                            By:

19                                            Lily Lim (State Bar No. 214536)
                                              FINNEGAN, HENDERSON, FARABOW,
20                                               GARRETT & DUNNER, LLP
                                              3300 Hillview Avenue
21                                            Palo Alto, CA 94304
                                              Telephone:    650-849-6600
22                                            Facsimile     650-849-6666
                                              lily.lim@finnegan.com

23
                                              P. Andrew Riley (*pro hac vice* pending)
24                                            Stephen L. Hennessy (*pro hac vice* pending)
                                              FINNEGAN, HENDERSON, FARABOW,
25                                               GARRETT & DUNNER, LLP
                                              901 New York Avenue, NW
26                                            Washington, DC 20001
                                              Telephone:    202-408-4000
27                                            Facsimile     202-408-4400
                                              andrew.riley@finnegan.com

28                                            Attorneys for Non-Party Unified Patents Inc.