UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALL DATA SYNC TECHNOLOGIES LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No.  15-mc-80170-KAW<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Re: Dkt. No. 1 |

Before the Court is Unified Patent Inc.'s motion to quash a subpoena issued by Hall Data Sync Technologies LLC. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion for the reasons set forth below.

## I.　　BACKGROUND

In January 2015, Hall Data Sync Technologies LLC ("Hall") sued Box Inc., Dropbox Inc., Google Inc., Sugarsync Inc., Apple Inc., and the Microsoft Company ("Defendants"), for infringement U.S. Patent No. 6,539,401 ("the '401 Patent") and U.S. Patent No. 7,685,506 ("the '506 Patent").  *See Hall Data Sync Techs. LLC v. Box Inc.*, 2:15-cv-00002 (E.D. Texas filed Jan. 5, 2015); *Hall Data Sync Techs. LLC v. Dropbox, Inc.*, 2:15-cv-00003 (E.D. Texas filed Jan. 5, 2015); *Hall Data Sync Techs. LLC v. Google Inc.*, 2:15-cv-00004 (E.D. Texas filed Jan. 5, 2015); *Hall Data Sync Techs. LLC v. SugarSync, Inc.*, 2:15-cv-00005 (E.D. Texas filed Jan. 5, 2015); *Hall Data Sync Techs. LLC v. Apple Inc.*, 2:15-cv-00006 (E.D. Texas filed Jan. 5, 2015); *Hall Data Sync Techs. LLC v. Microsoft Corp.*, 2:15-cv-00021 (E.D. Texas Jan. 15, 2015).  The cases were consolidated in the United States District Court for the Eastern District of Texas, and on June 9, 2015, that court granted Apple's motion to transfer the case from which this miscellaneous

action stems to this District. (*Hall Data Sync Techs. LLC v. Apple Inc.*, 5:15-cv-003066-PSG (N.D. Cal. transferred July 6, 2015)). Unified Patent Inc. ("Unified") is not a party to the case.

On March 11, 2015, Unified filed a petition for inter partes review ("IPR") with the USPTO's Patent Trial and Appeal Board ("PTAB"), challenging the '506 Patent. (Lim Decl., Ex. 4, Dkt. No. 2.) The PTAB has not decided whether to institute the IPR, and Unified has already provided Hall with voluntary discovery so that it can verify that Unified is the sole real party in interest. (*Id.*, Ex. 3; Jakel Decl. ¶ 9, Dkt. No. 3.)

On June 1, 2015, Hall served a subpoena on Unified, seeking production of:

1. Documents and things concerning or relating to the '401 Patent.
2. Documents and things concerning or relating [*sic*] the '506 Patent.
3. All documents that relate to any communications between Unified Patents or any of its members regarding, relating to, or concerning HDST, the '401 Patent, or the '506 Patent.
4. All documents that relate to Google Inc's[*sic*] membership in Unified Patents, or any attempts by Unified Patents to solicit or otherwise contact Google, Inc.
5. All documents that relate to Box, Inc's [*sic*] membership in Unified Patents, or any attempts by Unified Patents to solicit or otherwise contact Box, Inc.
6. All documents that relate to Apple, Inc's [*sic*] membership in Unified Patents, or any attempts by Unified Patents to solicit or otherwise contact Apple, Inc.
7. All documents that relate to Dropbox Inc's [*sic*] membership in Unified Patents, or any attempts by Unified Patents to solicit or otherwise contact Dropbox Inc.
8. All documents that relate to Microsoft Corporation's membership in Unified Patents, or any attempts by Unified Patents to solicit or otherwise contact Microsoft Corporation.
9. All documents that relate to any financial or other contributions (monetary/non- monetary) provided by Google Inc. to Unified Patents.
10. All documents that relate to any financial or other contributions (monetary/non- monetary) provided by Box, Inc. to Unified Patents.
11. All documents that relate to any financial or other contributions (monetary/non- monetary) provided by Dropbox Inc. to Unified Patents.
12. All documents that relate to any financial or other contributions (monetary/non- monetary) provided by Apple, Inc. to Unified Patents.
13. All documents that relate to any financial or other contributions (monetary/non- monetary) provided by Microsoft Corporation to Unified Patents
14. All documents that relate to any prior art provided by any third party to Unified Patents regarding, relating to or concerning the '401 Patent or the '506 Patent.

(Lim Decl., Ex. 1.)

On June 16, 2015, Unified served Hall with its objections and contemporaneously moved to quash the subpoena. (Mot., Dkt. No. 1.) On July 6, 2015, Hall filed its opposition to the motion.[1] (Opp'n, Dkt. No. 5.) Unified's reply followed on July 7, 2015. (Reply, Dkt. No. 9.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery propounded by subpoena. The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). Fed. R. Civ. P. 45 advisory committee note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any party a request within the scope of Rule 26(b).").

Rule 26(b) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Court, however, may limit discovery if (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

A party may move to quash or modify a subpoena under Rule 45(d)(3)(A) if it fails to (1) allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects a person to undue burden. *Id.* The party moving to

---

[1] Unified incorrectly argues that Hall's opposition is untimely. Reply at 1. Unified filed its motion to quash on June 16, 2016, but it waited until June 18, 2015 to serve Hall via email, apparently in accordance with the parties' agreement to accept service of pleadings and subpoena-related discovery in that manner. Certificate of Service, Dkt. No. 4. Because Federal Rule of Civil Procedure 6(d) grants a party served via email three additional days to respond, the opposition is timely.

quash a subpoena bears the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant. *Personal Audio LLC v. Togi Entm't,* No. 14-mc-80025 RS (NC), 2014 WL 1318921, at *2 (N.D. Cal. Mar. 31, 2014).

### III.   DISCUSSION

Unified moves to quash the subpoena on the grounds that the information sought (1) is not relevant, (2) is duplicative of information Hall can obtain from Defendants and thus would impose an undue burden if ordered produced, (3) is cumulative of information Unified already produced to Hall in the IPR proceedings, and (4) is protected from disclosure because it is subject to attorney-client privilege. (Mot. at 5-10.)

In its opposition, Hall argues that the information it seeks is relevant to whether any of its member Defendants is a real party in interest or Unified's privy.[2] (Opp'n at 5.) It contends that if Unified is permitted to withhold this information, its member Defendants could improperly assert invalidity, based on the same prior art, before the PTAB and the District Court, thereby contravening the estoppel provisions of 35 U.S.C. § 315(e)(2). *(Id.)* That provision is as follows:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2).

Courts in this district have granted motions to quash where the propounding party advances this theory of relevance.[3] *See, e.g., Broadband iTV, Inc. v. Hawaiian Telecom*, No. 15-mc-80053 HRL, 2015 WL 1778432, at * (N.D. Cal. Apr. 17, 2015) (where the PTAB had issued a decision denying the institution of Unified's IPR, only relevant invalidity arguments were those made by Defendants, not those made by Unified or its CEO); *Personal Audio LLC*, 2014 WL

---

[2] The Court notes that Hall does not address Unified's arguments that the information sought is duplicative of information Hall can obtain from Defendants and that it is cumulative of information Unified already produced to Hall in the IPR proceedings.

[3] Unified cites two of these cases in its motion, and Hall addresses neither.

1318921, at *3 (declining to assume that the PTAB would resolve issues in the plaintiff's favor and finding that the "issue of whether EFF w[ould] be collaterally estopped from challenging the validity of the patent claims" was thus irrelevant and premature) (citation omitted); *VirnetX, Inc. v. Apple Inc.*, No. 14-mc-80013 RS (NC), 2014 WL 6979427, at * 3 (N.D. Cal. Mar. 21, 2014) (where the PTAB had yet to issue a final written decision, "[t]he issue of whether Apple w[ould] be collaterally estopped from challenging the validity of the patent claims [wa]s therefore irrelevant because it [wa]s premature"). The Court finds that such an outcome is appropriate here, as even Hall concedes that "the estoppel provision of the AIA only becomes effective after a final decision in the *Inter Partes* review." (Opp'n at 6.) It's seemingly contrary contention that the requested discovery is still not premature, is therefore, unpersuasive. *See Veritana Health, Inc. v. Ariosa Diagnostics*, C 12-05501 SI, 2014 WL 121640, at * (N.D. Cal. Jan. 13, 2014) (noting, in ruling on a motion to stay, that "even under the new procedures, it may still be years before the inter partes review is truly final") (footnote omitted).

Nonetheless, even if Hall could show that it is entitled to the information it seeks, other reasons warrant granting Unified's motion. As Unified's counsel explains in her declaration:

> On June 15, 2015, I, along with my partner, Mr. Andrew Riley, telephonically met and conferred with Mr. Hao Ni, Hall's counsel regarding Hall's third-party subpoena to Unified in hopes of reaching a resolution without the Court's involvement. During the discussion, Mr. Ni confirmed that Hall had sent interrogatories to defendants in the case, seeking much of the same subject matter sought in its subpoena to Unified. Mr. Ni also explained that some of the defendants had already started providing discovery that overlaps with Hall's request to Unified. In addition, Mr. Ni admitted that he is expecting defendants' document production to include all the subject matter sought in its subpoena to Unified.

(Lim Decl. ¶ 2.)[4] In light of these concessions, which Hall does not correct or contest, the Court finds that Unified should not be burdened with discovery that Hall expects to receive from Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) (granting motion to quash where discovery sought from a non-party could be obtained from the defendant). As this issue is dispositive, the Court need not address Hall's remaining contentions.

---

[4] Despite these concessions, Hall's counsel was apparently unwilling to cooperate because "his client 'is pissed at Unified' and he has marching orders to 'go after' Unified." Lim Decl. ¶ 2.

## IV.  CONCLUSION

For the reasons set forth above, Unified's motion to quash is GRANTED.

**IT IS SO ORDERED.**

Dated: 07/17/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

6